NITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| MARTELL FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18-CV-1963 |
| | ) | |
| vs. | ) | |
| | ) | |
| NATHAN BEBOUT | ) | |
| and CHARLES PEARCE, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois. At the time of the incident alleged below, Plaintiff was an inmate at Pinckneyville Correctional Center in Pinckneyville, Perry County, Illinois.

5. Defendant-Officers NATHAN BEBOUT ("Defendant BEBOUT") and CHARLES PEARCE ("Defendant PEARCE") are duly appointed and sworn Illinois Department of Corrections Correctional Officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

**Facts**

7. On October 15, 2016, Plaintiff was housed in Pinckneyville Correctional Center.

8. At approximately 1:35 p.m. on October 15, 2016, Plaintiff got into a verbal argument with DUSTIN FLEMING.

9. After the argument, Plaintiff was transferred to the segregation unit of Pinckneyville Correctional Center.

10. DUSTIN FLEMING called over to the segregation unit and spoke with Defendant PEARCE about Plaintiff and what transpired.

11. Defendant PEARCE told DUSTIN FLEMING to come over to the segregation unit and "take care" of the incident with Plaintiff.

12. DUSTIN FLEMING understood that to mean that Defendant PEARCE was going to allow him to come over to segregation and rough up Plaintiff in retaliation for the argument.

13. Defendant PEARCE was the Lieutenant for the segregation unit and was the officer in charge of the unit.

14. When DUSTIN FLEMING got to the segregation unit, TYSON SHURTZ told DUSTIN FLEMING to follow him to Plaintiff's cell.

15. TYSON SHURTZ approached Plaintiff's cell and told Plaintiff to cuff up.

16. Plaintiff complied and allowed TYSON SHURTZ to cuff him.

17. Once Plaintiff's was secured in handcuffs, his cell door was opened.

18. After Plaintiff's cell door was open, DUSTIN FLEMING entered Plaintiff's cell and began to attack him.

19. DUSTIN FLEMING punched Plaintiff and knocked him to the ground where he kicked Plaintiff in the stomach.

20. Defendant BEBOUT along with TYSON SHURTZ and TIMOTHY GILLEY stood by and watched as DUSTIN FLEMING attacked Plaintiff.

21. Defendant BEBOUT along with TYSON SHURTZ and TIMOTHY GILLEY allowed DUSTIN FLEMING into Plaintiff's cell to attack Plaintiff while he was secured in handcuffs.

22. While kicking Plaintiff, DUSTIN FLEMING used a racial slur to refer to

Plaintiff.

23.     After the attack, Plaintiff reported the incident and complete an Offender Injury Report.

24.     Plaintiff also filed a grievance regarding the attack.

25.     Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

26.     As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including physical pain and suffering, emotional distress.

## COUNT I
### (42 U.S.C. §1983 – Failure to Intervene)

24.     Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

25.     While Plaintiff was subjected to excessive force as described above, Defendants BEBOUT and PEARCE had an opportunity to intervene, but chose not to intervene.

26.     Defendants BEBOUT and PEARCE were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks this Honorable Court:
a) Enter judgment against Defendants BEBOUT and PEARCE,
b) Award Plaintiff compensatory and punitive damages,
c) Award attorneys' fees and costs, and
d) Award any further relief that this Honorable Court deems just and equitable.

                                                Respectfully submitted,

                                                /s/ Louis J. Meyer
                                                One of Plaintiff's Counsel

Louis J. Meyer
Daniel P. Kiss
Meyer & Kiss, LLC
53 West Jackson Boulevard
Suite 1735
Chicago, Illinois 60604
(312)765-0100
louismeyer@meyerkiss.com
dankiss@meyerkiss.com

4